IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KAREN L. LORD**, | CIVIL ACTION NO. 1:07-CV-1229 |
| Plaintiff | (Judge Conner) |
| v. | |
| **PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY**, | |
| Defendant | |

## MEMORANDUM

Presently before the court is the report of the magistrate judge (Doc. 33), recommending that summary judgment be granted in favor of defendant Pennsylvania National Mutual Casualty Insurance Company ("Penn National") on plaintiff's claim for unequal payment of wages under the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. § 206(d)(1). Plaintiff Karen Lord ("Lord") has filed objections (Doc. 35) to the report, asserting that she has proffered evidence sufficient to establish a prima facie case under the EPA. The parties have fully briefed defendant's motion for summary judgment (Doc. 22) and plaintiff's objections to the report of the magistrate judge. For the reasons that follow, the report will be rejected and the motion for summary judgment denied with respect to the EPA claim.

### A.     Legal Framework under the EPA[1]

Claims for unequal payment of wages under the EPA entail a burden shifting paradigm for adjudication of liability.  The plaintiff bears the initial burden of establishing a prima facie case that "employees of the opposite sex were paid differently for performing equal work . . . of substantially equal skill, effort and responsibility, under similar working conditions."  See Stanziale v. Jargowsky, 200 F.3d 101, 107 (3d Cir. 2000); see also 29 C.F.R. § 1620.14(a).  "Skill" focuses upon the "experience, training, education, and ability" required by the position, 29 C.F.R. § 1620.15(a), while "effort" measures the physical and mental acuity that the employees must possess, id. § 1620.16(a).  The final component of the analysis, responsibility, addresses "the degree of accountability required in the performance of the job, with emphasis on the importance of the job obligation."  Id. § 1620.17(a).

The plaintiff must produce evidence that her job shares a "common core of tasks" with jobs held by members of the opposite sex.  Brobst v. Columbus Servs. Int'l, 761 F.2d 148, 156 (3d Cir. 1985); Underwood v. Sears, Roebuck, & Co., 343 F. Supp. 2d 259, 270 (D. Del. 2004).  An EPA plaintiff is not required to demonstrate that the jobs are identical, and "[i]nsubstantial or minor differences in the degree or

---

[1] In accordance with the standard of review for a motion for summary judgment, the court will present the facts in the light most favorable to the plaintiff, the nonmoving party.  See Dee v. Borough of Dunmore, 549 F.3d 225, 229 (3d Cir. 2008).  The report of the magistrate judge provides a comprehensive description of the facts relevant to the instant matter.  The court therefore recounts only those facts necessary to facilitate disposition of the parties' legal objections and adopts the facts more fully set forth in the magistrate judge's report.

amount of skill, or effort, or responsibility required for the performance of jobs will not render the equal pay standard inapplicable." 29 C.F.R. § 1620.14(a). However, two positions are not substantially equal if the more highly paid one entails "additional tasks" that (1) require more skill, effort, or responsibility, (2) consume a significant amount of time, or (3) provide "economic value [to the employer] commensurate with the pay differential." Best v. Janerich, 80 F. Supp. 2d 334, 337 (M.D. Pa. 1999).

Upon satisfaction of plaintiff's prima facie case the burden of *persuasion* shifts to the employer to demonstrate the applicability of one of four statutory affirmative defenses. Stanziale, 200 F.3d at 107. The affirmative defenses require the defendant to demonstrate that the pay differential derives from (1) a bona fide seniority system, (2) a merit-based compensation system, (3) a system that measures compensation based upon employee productivity, or (4) a factor other than sex. See 29 U.S.C. § 206(d)(i)-(iv). To receive summary judgment on an affirmative defense, the defendant must establish its applicability "so clearly that no rational jury could find to the contrary." Thomas v. Cmty. Coll. of Phila., 553 F. Supp. 511, 514 (E.D. Pa. 2008) (quoting EEOC v. Del. Dep't of Health & Soc. Servs., 865 F.2d 1408, 1414 (3d Cir. 1989)). "Given the fact intensive nature of the inquiry, summary judgment will often be inappropriate" in EPA actions. Brobst, 761 F.2d at 156.

**B.    Lord's Prima Facie Case**

Lord contends that her position is equivalent to that of Tom Kline, ("Kline"), who earned approximately $25,000 more annually than she did at the time she filed

the instant action. (Doc. 23 ¶ 26; Doc. 28 ¶ 26.) She proffers two memoranda authored by Joseph Garcia ("Garcia"), the former supervisor of both she and Kline, in support of her EPA claim. Garcia's memoranda conclude that both individuals held substantively identical positions. From 2006-2007, Garcia lobbied Penn National's chief operating officer to amend Lord's job title to reflect the overwhelming similarity between her position and Kline's. He testified that both employees' duties and responsibilities were identical "from an operational perspective," (Doc. 28, Ex. B at 68), and his memoranda opine that Kline's duties were "not different than what Karen[ Lord]'s position mandates," (Doc. 28, Ex. B attach 3.) One memorandum explains:

> [Plaintiff's responsibility for t]raining, budget management, claims quality, oversight and supervision of large exposure claims, settlement and reserve authority approval, interpretation of trends in severity and frequency inclusive of data extraction, analysis and implementation for line performance improvement, reducing MSS and loss ratio objectives, etc. are all identical to what Tom [Kline] must manage at the Director level.

(Id. at 1 (emphasis added)). While Garcia identified nuances between the two jobs, he ultimately concluded that "Karen's position aligns almost to the tee with that of Tom Kline" and that "her cumulative performance and . . . responsibilities" warranted equivalent titles reflecting this similarity. (Doc. 28, Ex. B attach 6 at 2-3.) While Kline and Lord oversaw different lines of business for Penn National, "from a purely operational and technical functionality perspective, [their positions] were identical." (Doc. 24, Ex. B at 67.)

Penn National contends that Lord's position is unequal with Kline's because Kline's responsibilities include sole responsibility for litigation management and oversight of litigation costs. (Doc. 24, Ex. C. at 71-72.) However, plaintiff possesses ultimate responsibility for managed care, handling the costs associated with providing medical services to injured persons. (Doc. 28-2 ¶ 44). The present record fails to demonstrate that these tasks, when juxtaposed, implicate different "skill, effort and responsibility" such that litigation management is undisputedly an additional task of Kline's position. Stanziale, 200 F.3d at 107. The parties have not described the daily responsibilities of litigation management or managed care oversight, nor do they quantify how much time Kline and Lord expend on these respective duties. Further, Garcia's memoranda confirm that, to the extent that the positions differ, they implicate similar skills and responsibilities such that Lord's position "should have been at a Director's level long ago." (Doc. 28, Ex. B attach 3 at 2.) Accordingly, reasonable jurors could reach differing conclusions about whether Lord and Kline's jobs are equal and whether litigation management qualifies as an additional task of Kline's position. Lord has therefore successfully carried her summary judgment burden to establish a prima facie case under the EPA.

### C. **Penn National's Affirmative Defense**

Defendant relies upon its use of the Hay System as an affirmative defense that the pay differential between plaintiff and Kline derived from a "factor other than sex." 29 U.S.C. § 206(d)(1)(iv). The Hay System calculates salary based upon a

variety of factors, including an employee's job description. (See Doc. 26 ¶¶ 5-6.) Use of the Hay System does not automatically shield a defendant from EPA liability, and a grant of summary judgment is proper solely when "a jury could *only* conclude that the pay discrepancy resulted from operation of the system." Del. Dep't of Health & Soc. Servs., 865 F.2d at 1415 (emphasis added) (reversing grant of judgment n.o.v. because a reasonable jury could have concluded that the pay differential resulted from factors outside operation of the Hay System).

In the instant case, plaintiff alleges that the Hay points assigned to her position were manipulated in a discriminatory manner by her former supervisor and Garcia's predecessor, James Butler ("Butler"). She contends that Butler frequently made demeaning statements about her gender, insisted on one occasion that she accompany him to a nightclub featuring nude female dancers, and assigned her poor performance reviews after she brought his conduct to the attention of management. (Doc. 28-2 ¶¶ 16-23.) Butler also allegedly informed her that Hay points could be manipulated in a manner that was incongruent with actual job responsibilities. (Doc. 31, Ex. C at 144.) Although Butler lacked authority to assign Hay points, he allegedly revised plaintiff's job description in a manner that inaccurately reflected her duties. (Doc. 24, Ex. D at 64-67.) Garcia corroborated Lord's assertions when he testified that her job description had "changed over the course of time" and stated that he requested amendments to "reflect what her responsibilities and true job functions were." (Doc. 24, Ex. B at 42-43.) These efforts were unsuccessful.

6

The parity between Lord and Kline's positions, coupled with Butler's alleged conduct, could cause reasonable jurors to question whether plaintiff's pay differential resulted exclusively from defendant's application of the Hay System.[2] The appreciable evidence of similarity between plaintiff and Kline's job functions prevents Penn National from establishing its affirmative defense "so clearly that no rational jury could find to the contrary." Del. Dep't of Health & Soc. Servs., 865 F.2d at 1414.

**D.    Conclusion**

Lord has satisfied her summary judgment burden to establish a prima facie case for unequal payment of wages under the EPA. In the context of its Rule 56 motion, Penn National has failed to establish conclusively an affirmative defense to liability. The report of the magistrate judge (Doc. 33) will therefore be rejected with

---

[2] Penn National contends that the revised job description was not tainted with discriminatory animus because Lord received an increase of twenty-five Hay points and a raise of $2,641 as a result. (See Doc. 36 at 21 n.3; see also Doc. 24, Ex. D at 54-57.) This evidence, however, fails to establish Penn National's affirmative defense beyond refutation. Reasonable jurors weighing the revised job description against Butler's alleged improper conduct, his response to Lord's grievances, and Garcia's assessment of the revised description's inaccuracy could conclude that the revision produced an undervalued assessment of Lord's Hay points and salary. Accordingly, Penn National is not entitled to summary judgment based upon this evidence.

7

respect to plaintiff's EPA claim.  The motion for summary judgment (Doc. 22) will be denied in like fashion.[3]

An appropriate order is attached.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:       January 7, 2009

---

[3] Plaintiff also brought claims under the Pennsylvania Equal Pay Law, 43 PA. CONS. STAT. § 336.1-.10, which she concedes are precluded by her EPA suit.  Id. § 336.2(a); Cap v. Lehigh Univ., 433 F. Supp. 1275, 1283 (E.D. Pa. 197); (Doc. 29 at 10 n.4).  The report of the magistrate judge will therefore be adopted with respect to this claim, and the motion for summary judgment will be granted.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KAREN L. LORD**, : | CIVIL ACTION NO. 1:07-CV-1229 |
| : | |
| **Plaintiff** : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **PENNSYLVANIA NATIONAL** : | |
| **MUTUAL CASUALTY INSURANCE** : | |
| **COMPANY**, : | |
| : | |
| **Defendant** : | |

## **ORDER**

AND NOW, this 7th day of January, 2009, upon consideration of the report of the magistrate judge (Doc. 33), recommending that defendant's motion for summary judgment (Doc. 22) be granted, and for the reasons set forth in the attached memorandum, it is hereby ORDERED that:

1. The report of the magistrate judge (Doc. 33) is ADOPTED in part and REJECTED in part as follows:

   a. The report is ADOPTED as to plaintiff's claim under the Pennsylvania Equal Pay Law, 43 PA. CONS. STAT. §§ 336.1-.10.

   b. The report is REJECTED as to plaintiff's claim under the Equal Pay Act of 1963, 29 U.S.C. § 206(d)(1).

2. The motion for summary judgment (Doc. 22) is GRANTED in part and DENIED in part as follows:

   a. The motion is GRANTED as to plaintiff's claim under the Pennsylvania Equal Pay Law, 43 PA. CONS. STAT. §§ 336.1-.10.

   b. The motion is DENIED in all other respects.

3. The Clerk of Court is instructed to defer entry of judgment until the conclusion of this case.

4. A revised pretrial and trial schedule shall issue by future order of court.

                                       S/ Christopher C. Conner
                                       CHRISTOPHER C. CONNER
                                       United States District Judge