# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KAREN L. LORD**, | CIVIL ACTION NO. 1:07-CV-1229 |
| Plaintiff | (Judge Conner) |
| v. | |
| **PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY**, | |
| Defendant | |

## ORDER

AND NOW, this 22nd day of July, 2009, upon consideration of defendant's motion for reconsideration (Doc. 41) of the court's memorandum and order (Doc. 39) dated January 1, 2009, which granted in part and denied in part defendant's motion for summary judgment, and the court finding that the challenged order contains no manifest errors of law or fact,[1] see Harsco Corp. v.

---

[1] Plaintiff brings suit under the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. § 206, alleging that defendant compensated her differently than Tom Kline ("Kline"), her male counterpart, for performing similar work. The court denied summary judgment on this claim. The court relied, *inter alia*, upon certain memoranda prepared by Joseph Garcia ("Garcia"), plaintiff and Kline's common supervisor, which opined that their positions "align[ed] almost to the tee." (Doc. 28, Ex. B attach 6 at 2-3.) Defendant contends that the court failed to account for the context in which Garcia drafted these documents. Defendants have undertaken great effort to distance themselves from the plain meaning of Garcia's memoranda, (see Doc. 42 at 4-6); however, contextual interpretation of evidence is quintessentially a matter for the jury. Hayduk v. City of Johnstown, 580 F. Supp. 2d 429, 463-64 (W.D. Pa. 2008) ("Issues of credibility and weight of the evidence belong to the jury; they are not matters to be decided by the Court on a motion for summary judgment.") Reasonable jurors could adopt defendant's interpretation, but they would not be required to do so. As such, the court appropriately denied the motion for summary judgment.

Defendant next contends that the court improperly placed upon defendant the burden of proving that plaintiff and Kline's positions were dissimilar. Under the EPA, plaintiff possesses the prima facie burden of establishing similarity between her position and those held by members of the opposite sex. Stanziale v. Jargowsky, 200 F.3d 101, 107 (3d Cir. 2000). Plaintiff produced evidence that she and Kline have similar management responsibilities, possess similar budgetary authority, and discharge similar duties with respect to controlling claim exposure and settlement costs. Garcia's memoranda lend credence to plaintiff's assertions. Defendant asserts that Kline oversees the additional task of litigation management, making his position unequal to plaintiff's. However, Garcia's memoranda do not mention these tasks when comparing Kline's job to plaintiff's. (Doc. 28-3 at 13-16.) During his deposition, he testified that—despite Kline's litigation management responsibilities—the two positions were identical "[f]rom an operational perspective." (Doc. 24, Ex. B at 68.) Moreover, the record does not indicate how much time Kline expends on litigation management activities compared to job functions similar to plaintiff's. A reasonable jury could therefore conclude that litigation management does not constitute an additional (and unmatched) task of Kline's position, and they could find that plaintiff has satisfied her prima facie case.

Finally, defendant argues that the court should have granted summary judgment under 29 U.S.C. § 206(d)(1)(iv), which provides an affirmative defense to employers whose pay differentials result from "any factor other than sex." 29 U.S.C. § 206(d)(1)(iv). Defendant asserts that it determines salary using the Hay Point System, which calculates compensation based upon several objective factors. However, plaintiff has produced evidence that James Butler ("Butler"), her former supervisor, subjected her to a pattern of harassment that resulted in inaccurate modification of her Hay Points. She complained to Butler's superiors about his harassing behavior, and Butler responded by informing her that he could manipulate her Hay Points. Defendant purports to rebut this assertion by citing the following excerpt of plaintiff's deposition testimony:

> A. Well, it's been represented to me that the Hay Points can come out the way people want them to come out rather than what the written word reflects.
> Q. And who's represented that to you?
> A. Mr. Butler told me that at one point that if he wanted Hay points to come out at a certain point he made it known what the Hay points were that he wanted it come out to and that's where it came out.
>
> * * *
>
> Q. Did Mr. Butler ever say that or give you an instance where he allegedly did that?
> A. I'm sure that the discussion was surrounding a specific, but right now I

2

Zlotniki, 779 F.2d 906, 909 (3d Cir. 1985) ("The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence . . . ."), it is hereby ORDERED that the motion for reconsideration (Doc. 41) is DENIED.

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

       don't recall who the specific Hay point conversation revolved around.
Q.    You're not saying it revolved around you as part of this lawsuit are you?
A.    No.

(Doc. 31, Ex. C at 144-45.) However, plaintiff has identified numerous averments of questionable conduct on the part of Butler, including evidence that he manipulated her job description as an act of discriminatory guile. (See, e.g., Doc. 28 ¶¶ 28-31; Doc. 28, Ex. A ¶¶ 16-17.) Reasonable jurors reviewing this evidence could reach differing conclusions about the reasons for plaintiff's alleged pay differential, and defendant has presented no grounds sufficient to revisit the court's summary judgment disposition.