# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAREN L. LORD**, | : | CIVIL ACTION NO. 1:07-CV-1229 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY**, | : | |
| Defendant | : | |

## **MEMORANDUM**

Karen Lord ("Lord") brings this claim for unequal payment of wages under the Equal Pay Act of 1963, 29 U.S.C. § 206(d)(1). Presently before the court is defendant's motion in limine (Doc. 45), which seeks to exclude evidence that Lord's former supervisor, James Butler ("Butler"), uttered inappropriate statements or engaged in offensive conduct during the time of his employment at defendant Pennsylvania National Mutual Casualty Insurance Company ("Penn National"). In addition, defendant seeks to exclude Butler's alleged contention that he was capable of manipulating the Hay Point System. For the reasons that follow, the motion will be denied.

Lord is employed as a manager of worker's compensation and managed care in the Claims Division of Penn National. She contends that her position is equivalent to that held by Tom Kline ("Kline"), whose annual compensation was approximately $25,000 more than Lord's at the time the above-captioned matter was commenced. In support of her claim, Lord proffers two memoranda authored

by former Penn National supervisor Joseph Garcia ("Garcia"). Garcia's memoranda conclude that both Lord and Kline held substantively equivalent positions, and that their duties and responsibilities were essentially identical.[1] Garcia's memoranda serve as the evidentiary crux of Lord's argument that she received unequal remuneration for equal performance.

Penn National raises an affirmative defense to Lord's claims—specifically, that the pay disparity between Lord and Kline was based upon the Hay Point System, which constitutes a "factor other than sex" upon which employers may differentiate employees' compensation. See § 206(d)(1)(iv). The Hay System calculates salary based upon several variables, including an employee's job description. According to Penn National, the Hay System is objective, and it "evaluates jobs and not individuals." (Doc. 24 at 18.) Thus, Penn National argues that "the salary differential between [Lord] and Tom Kline results from the significantly higher Hay Points calculated for Mr. Kline's position (994 points) as compared to [Lord's] position (702 points)." (Id. at 19.)

Penn National's argument assumes that the job descriptions assigned to Lord and Kline accurately reflect the job function that each performs. Lord disputes this assumption, however, and attacks the "validity of [her] job description itself." (Doc. 48 at 3.) Lord claims that her job description was manipulated in a discriminatory manner by her former supervisor, Butler. She contends that Butler

---

[1] The court's memorandum and order (Doc. 39) dated January 7, 2009 details Garcia's opinions in more detail.

2

frequently made demeaning statements regarding women, that he insisted on one occasion that Lord accompany him to a nightclub featuring nude female dancers, and that he generally created a hostile work environment. Lord states that in 2001, she attempted to confidentially notify management of Butler's behavior, but that Butler learned of Lord's complaint. According to Lord, Butler thereafter retaliated against her by assigning her negative job performance reviews. Around this time, Butler also allegedly told Lord that Hay Points could be manipulated in a manner that was incongruent with actual job responsibilities. Lord claims that Butler then unfairly revised her job description in 2002.[2] This job description remains intact to the present.

According to Penn National, Lord's cause of action simply requires evidence that she performed "work of the same 'skill, effort, and responsibility' as Mr. Kline." (Doc. 46 at 2 (citing § 206(d)). Therefore, Penn National contends that testimony concerning Butler's conduct is not relevant to proof of Lord's claim under the Equal Pay Act.

---

[2] Penn National contends that Lord "has already admitted that she is not claiming that her Hay Points were manipulated in any manner by Mr. Butler." (Doc. 52 at 2.) In support of this and similar assertions, Penn National cites to scattered portions of Lord's deposition testimony. (See, e.g., Doc. 46 at 4-5; Doc. 52 at 2-4.) However, Lord's evidentiary submissions contain numerous allegations of questionable conduct on the part of Butler, including claims that he manipulated Lord's job description in a retaliatory pique. (See, e.g., Doc. 28 ¶¶ 28-31; Doc. 28, Ex. A ¶¶ 16-17.) Resolution of these apparent inconsistencies will no doubt depend upon credibility determinations rendered by the finder of fact at trial. It is premature to foreclose an avenue of inquiry based upon what appear to be equivocal—or at the very least conflicting—testimonial assertions.

Evidence is relevant if it renders a material fact either more or less probable than it would have been absent the evidence. FED. R. EVID. 401, 402. Penn National correctly asserts that Butler's behavior makes no facts that are material to Lord's *prima facie* case more or less probable. However, "[a]n Equal Pay Act case involves shifting burdens." EEOC v. Del. Dep't of Health & Soc. Servs., 865 F.2d 1408, 1413 (3d Cir. 1989). The initial burden falls to Lord to demonstrate that employees of opposite gender were differentially compensated despite their performance of "equal work." Stanziale v. Jargowsky, 200 F.3d 101, 107 (3d Cir. 2000). "The burden of persuasion then shifts to the employer to demonstrate the applicability of one of the four affirmative defenses specified in the Act." Del. Dep't of Health & Soc. Servs., 865 F.2d at 1414. Penn National has raised the affirmative defense contained in § 206(d)(1)(iv)—namely, that the disparity between Lord and Kline's salary is based upon the Hay Point System, a "factor other than sex." The Hay Point System calculates an employee's salary using several variables, including the employee's job description. Evidence that Butler (1) manipulated Lord's job description, and (2) that overt gender bias was his motivation for doing so makes it less probable that the salary differential was based on a factor other than sex. In short, Penn National's affirmative defense places the legitimacy of its Hay Point System into question; evidence of Butler's behavior makes it more probable that the System was flawed and susceptible to manipulation.

In the alternative, Penn National argues that evidence of Butler's behavior is unduly prejudicial and warrants exclusion under Rule 403. A trial court possesses

broad discretion to exclude evidence under Rule 403 when the probative value of the evidence is "substantially outweighed by the danger of unfair prejudice." FED. R. EVID. 403; Betterbox Commc'ns Ltd. v. BB Techs., Inc., 300 F.3d 325, 330 (3d Cir. 2002). As detailed supra, the evidence of Butler's behavior is relevant to Penn National's affirmative defense and probative of the potential biases built in to its Hay Point System. Penn National has proffered its System as evidence of its impartiality; testimony that calls this proffer into question is highly probative. Lord will thus be permitted to offer evidence of Butler's behavior for the restricted purpose described in this memorandum, and the court will instruct the jury that its consideration of such evidence shall be limited accordingly. See Betterbox, 300 F.3d at 330 (indicating that a limiting instruction may alleviate the danger of unfair prejudice).

Evidence that Butler uttered inappropriate statements or engaged in offensive conduct during the time of his employment at Penn National will not be excluded as irrelevant or unfairly prejudicial under Federal Rules of Evidence 401, 402, or 403. Defendant's motion in limine (Doc. 45) will be denied.

An appropriate order follows.

   S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge

Dated:       July 23, 2009

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KAREN L. LORD**, | : CIVIL ACTION NO. 1:07-CV-1229 |
| **Plaintiff** | : (Judge Conner) |
| v. | : |
| **PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY**, | : |
| **Defendant** | : |

## **ORDER**

AND NOW, this 23rd day of July, 2009, upon consideration of defendant's motion in limine (Doc. 45), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the motion is DENIED. It is further ORDERED that counsel shall submit a joint limiting instruction for the purposes referenced in the accompanying memorandum. If counsel are unable to agree upon an appropriate limiting instruction, both parties shall submit proposed instructions to the court no later than the time set for jury selection.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge